## (March 16, 1954.)

BIDDS SUCCESSORS, INC., Appellant, *v.* IRVING REISBERG et al., Respondents.

*Per Curiam.* Before the end of plaintiff's case and before plaintiff had rested, the trial court dismissed the complaint " on the merits" under section 482 of the Civil Practice Act and also on the ground that plaintiff was not prepared to proceed.

Plaintiff's attorney, however, had a witness on the stand and stated that he had an additional witness or a number of additional witnesses, and that he intended to adduce testimony of the alleged conspiracy. While such witnesses were not present in court, it was very close to the time of adjournment, and plaintiff's counsel repeatedly asked the trial court for leave to bring the witnesses before the court and jury the following morning. Under all the facts and circumstances disclosed in connection with the application, the trial court should have permitted plaintiff the opportunity of adducing further proof on the following day.

In any event, whatever the trial court may have thought of the merits of plaintiff's case, the court should not in the jury's presence before plaintiff rested, have given expression to his conviction of the worthlessness of plaintiff's case, at the time plaintiff was in part asking for an opportunity to supplement the proof adduced with additional proof.

The judgment in defendant's favor dismissing the complaint on the merits should be reversed and a new trial ordered, with costs to abide the event.

PECK, P. J. (dissenting). This appeal does not present any question of a request made or refused at the end of a trial day for an overnight adjournment. It is clear upon the record and was conceded by plaintiff's counsel upon the argument that he was not seeking an adjournment or claiming that one was refused. What had happened was that plaintiff's counsel had bridled at the trial court's direction as to his order of proof and at certain comments made by the trial court upon plaintiff's proof, and counsel decided that his case was prejudiced and that he would not proceed further before the Trial Judge. His refusal to proceed was clearly indicated and at that point the court had no alternative but to dismiss the complaint.

The question necessarily presented on this appeal is whether plaintiff's case was so prejudiced by the directions and comments of the trial court as to entitle plaintiff to a mistrial. A review of the record discloses that in two days of trial time the plaintiff had not made any substantial showing of the conspiracy alleged in the complaint, and it seems to me that the trial court was justified in giving the direction after this period of time that plaintiff should produce whatever evidence he had of conspiracy before spending further time on matters of alleged damage. This was a direction consistent with the orderly presentation of the case and proper regard for the value of trial time. The direction should have been followed and not resisted.

The comment of the trial court, that he could not see, as far as the trial had gone, that plaintiff had shown either conspiracy or damage, was not of a significance or seriousness to warrant a mistrial. It was not in the nature of a ruling or a judgment upon the case or beyond being placed in a nonprejudicial perspective. Although plaintiff's counsel might appropriately have asked for some mollifying instruction from the court to the jury, he was not entitled to refuse to proceed further and by such unilateral action gain his desire for a new trial before another judge.

There is no indicated merit in this lawsuit from what appears in the record of two days of trial. I think plaintiff has made no such showing as to justify the court in giving him a new trial of what would undoubtedly be a week's length, while he proceeds without order or control to produce more evidence of the kind already adduced to the indicated eventual end of dismissal. The judgment should be affirmed.

Dore, Breitel and Bastow, JJ., concur in *Per Curiam* opinion; Peck, P. J., dissents and votes to affirm, in opinion, in which Cohn, J., concurs.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event. [See *post*, p. 871.]